IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| BETTYE BARNES | § | PLAINTIFF |
| | § | |
| v. | § | Civil No. 1:12cv34HSO-RHW |
| | § | |
| BTN, INC. d/b/a BOOMTOWN CASINO | § | DEFENDANT |

## ORDER GRANTING DEFENDANT'S MOTION TO EXCLUDE OPINIONS OF PLAINTIFF'S EXPERTS JERRY L. POUGH AND FLOYD POUGH

BEFORE THE COURT is a Motion [82] to Exclude Opinions of Plaintiff's Experts Jerry L. Pough and Floyd Pough, filed by Defendant BTN, Inc. d/b/a/ Boomtown Casino on October 15, 2012. Plaintiff has filed a Response in Opposition [103, 109].[1] After consideration of the Motion, the Response, the submissions and pleadings on file, and the relevant legal authorities, the Court finds that Defendant's Motion should be granted.

Defendant moves to exclude Jerry L. Pough and Floyd Pough from testifying on the grounds that Plaintiff has procedurally and substantively failed to comply with the Federal Rules of Civil Procedure and the Uniform Local Rules regarding disclosure of expert testimony. Mot. to Exclude Expert Opinions [82], at pp. 4-5. Plaintiff submits simply that "there is information requested by Defendant and if Defendant read the resume of the Pough's [sic] one can see they are qualified to testify at trial." Resp. to Mot. to Exclude [109], at p. 3.

---

[1] Plaintiff Bettye Barnes, proceeding *pro se*, filed a "Rebuttal in Opisition [sic] to Exclude Expert Jerry L. Pough and Floyd Pough" [103] on November 16, 2012, which the Court construes as a Response to the instant Motion. On November 27, 2012, Plaintiff filed a "Rebuttal in Opposition to Exclude Expert Jerry L. Pough and Floyd Pough" [109]. The substance of the two pleadings is identical.

On April 30, 2012, Plaintiff served Defendant with a copy of "Expert Witness Disclosures" [21-1] which listed Jerry Pough as an expert witness, and stated that he would testify to loss of wages, present value of damages, medical expenses, life care plan, and loss of earning capacity. Pl.'s Disclosures [21-1], at p. 1, att. as Ex. "A" to Def.'s Mot. to Compel or Strike Expert Designation [21]. Plaintiff filed a Notice of Service of Designation of Experts on June 1, 2012 [29], which did not list any expert witnesses.

On June 7, 2012, the Court entered an Order [30] denying Defendant's Motion to Strike [21]. The Order imposed June 18, 2012, as the deadline for Plaintiff to "serve her designation of experts on Defendant, in complete compliance with the Rules," and warned Plaintiff that if she "fails to comply with this order, her expert designation may be stricken and her expert(s) may not be allowed to give evidence in this case." *Id*.

Federal Rule of Civil Procedure 26(a)(2)(B) requires an expert witness to provide a written report containing the following information:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

FED. R. CIV. P. 56(a).

In addition, Rule 26(a)(2)(A) of the UNIFORM LOCAL RULES OF THE UNITED STATES

DISTRICT COURTS FOR THE NORTHERN DISTRICT OF MISSISSIPPI AND THE SOUTHERN DISTRICT OF MISSISSIPPI requires that a written report is to be "prepared and signed" by the expert witness when the witness executes the report after review. *Id.*

A reading of Plaintiff's "Notice of Service of Expert Designation," filed June 1, 2012, together with the subsequent and purported designation of Jerry L. Pough and Floyd Pough, and the documents attached to her Response, reveals that Plaintiff's purported designation of these experts does not comply with the Rules. Absent from the record are any expert reports or opinions that contain the appropriate disclosure or explanation of the data, methodology, or reasoning underlying their testimony. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592-93 (1993). Indeed, contained within the documents Plaintiff submitted is a statement from Pough & Associates that "Pough and Associates do not profess to be experts." Projected Financial Loss [95-3], att. as Ex. "G" to Pl.'s Resp. to Def.'s Mot. for Summ. J. [84]. Also absent is a list of publications or of other cases in which either of Plaintiff's experts has testified, along with any statements about the compensation they are to be paid for their testimony. *See* FED.R.CIV.P. 26(a)(2)(B) and (b)(4).

The attached documentation is insufficient to comport with the Rules or to meet Plaintiff's burden under *Daubert* of showing that the proffered testimony is reliable. Because Plaintiff's expert designation does not comport with the Federal Rules of Civil Procedure, the Uniform Local Rules, the Federal Rules of Evidence, or *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and its progeny,

the Court must grant Defendant's Motion to Exclude Opinions of Jerry L. Pough and Floyd Pough.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [82] to Exclude Opinions of Plaintiff's Experts Jerry L. Pough and Floyd Pough, filed by Defendant BTN, Inc. d/b/a/ Boomtown Casino on October 15, 2012, is **GRANTED**, and Mr. Jerry L. Pough and Mr. Floyd Pough are excluded from testifying as expert witnesses in the above-captioned cause.

**SO ORDERED AND ADJUDGED**, this the 15th day of January, 2013.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE