IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **BETTYE BARNES** | § | **PLAINTIFF** |
| | § | |
| v. | § | Civil No. 1:12cv34HSO-RHW |
| | § | |
| **BTN, INC. d/b/a BOOMTOWN CASINO** | § | **DEFENDANT** |

## MEMORANDUM OPINION AND ORDER DENYING SECOND MOTION FOR SUMMARY JUDGMENT FILED BY BTN, INC. d/b/a BOOMTOWN CASINO

BEFORE THE COURT is the Second Motion for Summary Judgment [84] by Defendant BTN, Inc. d/b/a Boomtown Casino filed October 15, 2012, pursuant to Federal Rule of Civil Procedure 56. Plaintiff has filed a Response [95] in Opposition to the Motion, and Defendant a Reply [96]. After consideration of the parties' submissions, the record, the relevant legal authorities, and for the reasons discussed below, the Court finds that Defendant's Second Motion for Summary Judgment [84] should be denied, as disputed questions of material fact remain for trial.

## I. FACTS AND PROCEDURAL HISTORY

Bettye Barnes ["Plaintiff"] was present, along with Ms. Carla Dixon and Mr. Bradford Cannon, at Boomtown Casino ["Defendant"] in Biloxi, Mississippi, on February 6, 2009, and through the early morning hours of February 7, 2009. At approximately 1:00 a.m., Plaintiff, Ms. Dixon, and Mr. Cannon left the Grill Café ["Grill"] located on the second floor inside the casino, and used the escalator to

descend to the first floor. Once on the escalator, Plaintiff slipped and fell backwards, allegedly causing her to sustain injuries.

Plaintiff, proceeding *pro se*, filed her Complaint [1] in this Court on February 1, 2012. According to the Complaint, Plaintiff "slipped on grease and french fries causing her to slip and fall with serious injuries." Compl. [1] ¶ 8, at p. 2. Plaintiff maintains that because Defendant "knew or should have known a guest could have slipped on the food products," it "breached its legal duty to make the casino premises reasonably safe for its business invitees." *Id*., ¶ 9. Plaintiff further contends that Defendant was negligent and breached its duty by failing "to warn of the dangerous condition after actual or constructive knowledge," and by failing "to properly supervise employees/agents and inspect the premises." *Id*., ¶¶ 10, 11. Plaintiff alleges that as a result of her fall, she "sustained serious injuries to various parts of her body, including but not limited to her back, legs, and right arm." *Id*., ¶ 12. Plaintiff seeks actual damages for: 1) all incurred medical and hospital expenses; 2) all future incurred medical expenses; 3) permanent impairment with resulting future pain and suffering; 4) mental and emotional distress; 5) past, present, and future pain and suffering; 6) loss of enjoyment of life; and 7) loss of income. *Id.,* at ¶ 13.

Defendant moves for judgment as a matter of law on the grounds that Plaintiff has failed to produce evidence establishing the requisite elements of negligence, namely that Defendant knew or should have known of a dangerous condition.

## II. DISCUSSION

A.  Legal Standard

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "[i]f the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Melton v. Teachers Ins. & Annuity Ass'n of America,* 114 F.3d 557, 560 (5th Cir. 1997)(citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986)).

To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). In deciding whether summary judgment is appropriate, the Court views facts and inferences in the light most favorable to the nonmoving party. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 858 (5th Cir. 2010). However, if the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Cutting Underwater Techs. USA, Inc. v. ENI U.S. Operating Co,* 671 F.3d 512, 516 (5th Cir. 2012)(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "[M]ere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment." *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).

"There is no material fact issue unless the evidence is such that a reasonable

jury could return a verdict for the nonmoving party." *RSR Corp.*, 612 F.3d at 858. "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Hamilton*, 232 F.3d at 477 (citing *Anderson*, 477 U.S. at 248). "The court has no duty to search the record for material fact issues." *RSR Corp.*, 612 F.3d at 858. "Rather, the party opposing summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim." *Id.*

B.  Defendant's Second Motion for Summary Judgment

Because this is a case of diversity jurisdiction, the Court must apply state substantive law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 79-80 (1938); *Krieser v. Hobbs*, 166 F.3d 736, 739 (5th Cir. 1999).

> The core of what has become known as the '*Erie* Doctrine' is that the substantive law to be applied by a federal court in any case before it is state law, except when the matter before the court is governed by the United States Constitution, an Act of Congress, a treaty, international law, the domestic law of another country, or in special circumstances, by federal common law.

*Hanley v. Forester*, 903 F.2d 1030, 1032 (5th Cir. 1990).

In a premises liability action, Plaintiff must prove the elements of duty, breach of duty, proximate cause, and damages in order establish a *prima facie* case. *Holmes v. Campbell Properties, Inc.*, 47 So. 3d 721, 724 (Miss. Ct. App. 2010). Mississippi courts apply a three-step analysis to any premises liability claim. *Bates v. Wal-Mart Stores, Inc.*, 413 F. Supp. 2d 763, 767 (S.D. Miss. 2006) (citing *Leffler v.*

*Sharp*, 891 So. 2d 152, 156 (Miss. 2004)). "Under this three-step analysis, the court: (1) determines the status of the injured party as that of either an invitee, licensee, or trespasser; (2) identifies, based on the party's status, the duty which was owed to the injured party; and (3) analyzes whether the landowner or business operator breached this duty." *Id*.; *see also McClain v. Lehman Bros. Inc.*, 2008 WL 872431 *2 (S.D. Miss. 2008) (citing *Leffler*, 891 So. 2d at 156).

1. Determination of Plaintiff's Status

Under Mississippi premises liability law, an "invitee is a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage. . . ." *Bates*, 413 F. Supp. 2d at 767 (quoting *Leffler*, 891 So. 2d at 156). Casino patrons are generally considered business invitees under Mississippi law. *Breaux v. Grand Casinos of Mississippi, Inc.- Gulfport*, 854 So. 2d 1093, 1097 (Miss. Ct. App. 2003). There is no dispute that Plaintiff was a business invitee at the time of this incident.

2. Determination of Defendant's Duty to Invitee Plaintiff

Defendant owed Plaintiff a duty of reasonable care to maintain its premises in a reasonably safe condition. *Pigg v. Express Hotel Partners, LLC*, 991 So. 2d 1197, 1199-1200 (Miss. 2008). This included the "duty to warn of any dangerous conditions not readily apparent [of] which the owner knew, or should have known, in the exercise of reasonable care[,] and the duty to conduct reasonable inspections to discover dangerous conditions existing on the premises." *Id*. at p. 1200 (internal citations and quotations omitted). Plaintiff, as a business invitee, was nonetheless

required to use, in the interest of her own safety, that degree of care and prudence which a person of ordinary intelligence would exercise under the same or similar circumstance. *Vu v. Clayton*, 765 So. 2d 1253, 1255 (Miss. 2000) (quoting *Fulton v. Robinson Indus., Inc.*, 664 So. 2d 170, 175 (Miss. 1995)).

  3. <u>Determination of Whether Defendant Breached its Duty</u>

Plaintiff's premises liability claim can be grounded in one of three theories:

> (1) that defendant's own negligence created a dangerous condition which caused plaintiff's injury; (2) that defendant had actual knowledge of a condition which defendant itself did not cause, but defendant failed to adequately warn plaintiff of the danger she faced as an invitee; or (3) that, based upon the passage of time, defendant should have known of the dangerous condition caused by another party if defendant had acted reasonably, i.e., constructive knowledge of the condition should be imputed to defendant.

*Id.* at 1255 (quoting *K-Mart Corp v. Hardy*, 735 So. 2d 975, 980 (Miss. 1999)).

Defendant contends that Plaintiff is unable to establish that it had actual notice of any dangerous condition, and that none of its employees observed french fries anywhere on the floor on February 6-7, 2009. Defs.' Mem. in support of Mot. for Summ. J. [85], p. 11. Ms. Angela Guy was employed as Food and Beverage Supervisor during the "grave" shift on February 6-7, 2009. Aff. of Angela Guy [84-5], att. as Exhibit "E" to Defs.' Mot. for Summ. J., p. 1. According to Ms. Guy, she "walked through the grill area between 1:05 a.m. and 1:15 a.m. [on February 7, 2009]." Ms. Guy did not "recall that specific instance, but I am certain that if there was any food substance on the floor at that time, it would have been cleaned up immediately." *Id.*, at pp. 1-2. Ms. Guy also did not "recall any instance at

Boomtown where a person complained of stepping on any sort of substance, including french fries, at the Grill then claimed that he or she fell on the escalator (after walking across the carpeted floor)." *Id*. at p. 2. Ms. Keysha Patterson, who worked at the Grill, was also working the "grave" shift on February 6-7, 2009. She recalled Plaintiff, accompanied by two other people, coming to the bakery counter and buying several cakes after 1:00 a.m. on February 7, 2009. Aff. of Keysha Patterson [84-6], att. as Exhibit "F" to Defs.' Mot. for Summ. J., p. 1. Ms. Patterson attested that the floor at the Grill was clean at that time, and she did not recall either Plaintiff, or her two companions, mentioning anything about french fries being on the floor. *Id*. at p. 2.

In connection with her Response, Plaintiff has tendered the sworn statement of Ms. Amanda Phillips, who was working as the cashier at the Grill on February 6-7, 2009. According to Ms. Phillips, "Ms. Barnes friend pointed out that there [sic] fries on the floor in our dinner area. . . . we seen [sic] the fries and called for house cleaning to come and clean the floor. . . . Ms. Barnes and her friend got their food and left the Grill area some time later." Aff. of Amanda Phillips [95-2], att. as Exhibit "E" to Pl.'s Resp. to Def.'s Mot. for Summ. J. The Court is of the view that the foregoing evidence is sufficient to create a material fact question on the issue of actual notice.

With respect to the issue of constructive notice, Defendant contends that "Ms. Barnes did not see any french fries on the floor in the café . . . Ms. Dixon . . . and Mr. Cannon testified that [they had] no knowledge of how french fries came to be on

the floor, nor how long they were on the floor." Mem. in Supp. of Mot. for Summ. J. [85], at pp. 12-13. Defendant states that "in their affidavits, Angie Guy and Keysha Patterson dispute that there were french fries on the floor on the night at issue." Mem. in Supp. of Mot. for Summ. J., at p. 14.

In support of its Motion, Defendant has tendered excerpts from the depositions of Ms. Barnes, Ms. Dixon, and Mr. Cannon.[1] When questioned about the french fries, Mr. Bradford testified that he "glanced at them. I didn't really hang around the café." Dep. of Bradford Cannon [84-4], at p. 20, att. as Ex. "D" to Mot. for Summ. J. Ms. Dixon testified that after Plaintiff fell on the escalator, and when they reached the first floor, she observed a french fry on the bottom of Plaintiff's shoe. Dep. of Carla Dixon [84-3], at p. 31, att. as Ex. "C" to Mot. for Summ. J. Ms. Dixon further stated that: ". . . just told them you know, ya'll need to pick up the french fries and things on the floor out here. . . . They heard me. They were cooking." Dep. of Carla Dixon [84-3], at p. 20, att. as Ex. "C" to Mot. for Summ. J.

According to Plaintiff's testimony, she never observed any french fries on the floor while she was inside the Grill. Dep. of Bettye Barnes [84-2], at p. 59, att. as Ex. "B" to Mot. for Summ. J. However, she recalled Ms. Dixon "kept complaining

---

[1]Certain pages of these depositions which appear to relate to these witnesses' testimony, or at least potentially relate to certain lines of questioning that were undertaken, have not been included in the record submitted in connection with the briefing on this Motion.

about the french fries, the french fries, you stepped in the french fries. And she said she pulled some french fries from under my feet." *Id*. at p. 60.

At this juncture, material fact questions remain regarding whether a dangerous condition existed at the relevant time, and whether Defendant had actual and/or constructive notice of such dangerous condition and failed to warn Plaintiff. Based upon the evidence before the Court, including the Affidavits and deposition excerpts as tendered, the Court is of the opinion that there remain questions of fact for trial.

### III. CONCLUSION

Based upon the present record before the Court, there is conflicting evidence which raises disputed questions of material fact. Summary judgment would be inappropriate at this juncture.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated herein, Defendant's Second Motion [84] for Summary Judgment, filed October 15, 2012, pursuant to FED. R. CIV. P. 56, is **DENIED.**

**SO ORDERED AND ADJUDGED**, this the 15th day of January, 2013.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE