# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **BETTYE BARNES** | § | **PLAINTIFF** |
| | § | |
| v. | § | Civil No. 1:12cv34HSO-RHW |
| | § | |
| **BTN, INC. d/b/a BOOMTOWN CASINO** | § | **DEFENDANT** |

## ORDER GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE DEFENDANT'S FIRST MOTION *IN LIMINE*

BEFORE THE COURT is a First Motion *in Limine* [124] filed on March 4, 2013, by BTN, Inc. d/b/a Boomtown Casino ["Defendant"]. Bettye Barnes ["Plaintiff"] has filed a Response [127] and Defendant a Reply. In addition, on March 18, 2013, the Court conducted a hearing where Plaintiff and counsel for Defendant provided additional arguments regarding the instant Motion.

### I. BACKGROUND

Defendant seeks to prohibit Plaintiff, or her witnesses from disclosing or testifying regarding the following:

(1) Lay testimony regarding medical causation, medical diagnoses, or medical prognoses;

(2) Any medical opinions whatsoever inasmuch as Plaintiff did not timely identify any medical experts in compliance with Local District Court Rule 26(a)(2)(D) and Federal Rule of Civil Procedure 26(a)(2)(C);

(3) Medical records, medical bills and other damage supporting documents not produced by Plaintiff during written discovery;

(4) Any medical opinions by treating physicians not timely disclosed through the office medical records of those treating physicians;

(5) Any medical opinions and records that do not otherwise meet the requirements of Rule 803 and 804 of the Federal Rules of Evidence, records which are not properly authenticated pursuant to Rule 901 of the

Federal Rules of Evidence, and/or records which are not properly self authenticated pursuant to Rule 902(11) of the Federal Rules of Evidence;

(6) Opinions or evaluations by Jerry L. Pough, Floyd Pough who were previously stricken by the Court, or any other non-designated purported experts retained by Ms. Barnes for the purposes of evaluating her claims for wage loss and disability;

(7) Offers to pay medical, hospital, or similar expenses;

(8) Hearsay statements generally, including hearsay statements of lay persons and treating medical providers;

(9) Liability insurance of the Defendant;

(10) Reference to Settlement Negotiations.

Def.'s Mot. [124] at pp.1-2.

Plaintiff, who is proceeding *pro se* in this civil action, responds that she "has the right to present to the jury any and all medical records, video, comments, and evidence . . . and all other medical reports that have already been entered in the court as evidence in this trial." Resp. [127], at pp. 1, 4. She further contends that "all the treatment was by a licensed medical doctor therefore all records are the actual treating records of the Plaintiff." *Id*. at p. 4.

After careful consideration of the parties' submissions, the record, the arguments of counsel and Plaintiff, and relevant legal authorities, the Court finds that Defendant's Motion [124] should be granted in part and denied in part without prejudice as set forth herein.

## II. LAW AND ANALYSIS

A.  Lay Testimony Regarding Medical Causation, Medical Diagnoses, or Medical Prognoses

Defendant seeks to prevent Plaintiff or any of her witnesses, from testifying to matters regarding Plaintiff's medical diagnoses or prognoses that allegedly resulted from her escalator fall.  Federal Rule of Evidence 701 governs the testimony of lay witnesses and requires that:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> (a) rationally based on the witness's perception;
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

FED. R. EVID. 701.

The Court finds that any testimony regarding Plaintiff's medical diagnoses or prognoses allegedly caused by her fall falls within the scope of expert testimony under Rule 702.  Defendant's request to prohibit Plaintiff or any of her non-expert witnesses from testifying about causation for any medical condition, injury, and the like is well taken and should be granted.  Accordingly, pursuant to Rule 701(c), neither Plaintiff nor any of her non-expert witnesses may testify regarding any medical diagnoses or prognoses stemming from Plaintiff's escalator fall.

B. <u>Medical Opinions and Timeliness of Identification Pursuant to Local District Court Rule 26(a)(2)(D) and Federal Rule of Civil Procedure 26(a)(2)(C)</u>

Plaintiff provided the names and addresses of several physicians in her initial disclosures.[1] Defendant contends that to date, Plaintiff has failed to comply with the Rules by providing the necessary additional information, including relevant medical opinions or statements, of these named physicians.

> A party must designate physicians and other witnesses who are not retained or specially employed to provide expert testimony but are expected to be called to offer expert opinions at trial. No written report is required from such witnesses, but the party must disclose the subject matter on which the witness is expected to present evidence under FED.R.EVID. 702, 703 or 705, and a summary of the facts and opinions to which the witness is expected to testify. The party must also supplement initial disclosures.

FED. R. CIV. P. 26(a)(2)(C).

The record before the Court, including Plaintiff's disclosures, does not include statements or summaries of opinions of any of the physicians she has listed. These experts were not, and have not been properly designated and, as a result, will not be permitted to testify as experts during trial.

In addition, Plaintiff's attempt to designate experts outside the discovery deadline resulted in the Magistrate Judge entering an Order [117] on January 7, 2013, which granted Defendant's Motion to Strike [101] Plaintiff's Answer to Defendant's Supplement of Experts [100] and Defendant's Motion to Strike [114] ¶ 3 of Plaintiff's Second Answer to Defendant's Supplemental Designation of Experts [108].

---

[1] These disclosures were admitted during the hearing as Defense Exhibit "1."

Based on the foregoing, this portion of Defendant's Motion *in Limine* will be granted, except to the extent this evidence is used for impeachment, pursuant to Federal Rule of Civil Procedure 26(a)(3). Plaintiff may not offer the testimony or report of an expert who has not been properly and timely designated in accordance with the Rules or the Case Management Order [12].

C. <u>Medical Records, Medical Bills and Other Damage Supporting Documents Not Produced by Plaintiff During Discovery</u>

Defendant moves to exclude any testimony by Plaintiff, or any of her lay witnesses, regarding any medical records, bills, or other documentary evidence in support of Plaintiff's damages, that was not produced during discovery. Defendant also seeks to prohibit Plaintiff from offering any additional medical documentary evidence that was not originally produced by Plaintiff during discovery. The record demonstrates that Plaintiff tendered extensive medical records, statements, and bills in connection with her initial disclosures and in response to certain discovery requests. No additional medical records or other medical evidence have been produced to Defendant.

Rule 26 of the Federal Rules of Civil Procedure requires that Plaintiff provide Defendant with:

> (iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered;

FED. R. CIV. P. 26(a)(2)(C).

This duty includes supplementing disclosures as records, documents, reports, and bills are incurred.  *See* FED. R. CIV. P. 26(a)(2)(E).

Based on the foregoing and the present record, the Court finds that Defendant's Motion should be granted in part and denied in part.  Plaintiff may attempt to offer or introduce into evidence any medical bills, records, documents, summaries, or other evidence she produced to Defendant during the course of discovery.  However, admission of these documents into evidence for the jury to consider is contingent upon Plaintiff making the showing of their authenticity and admissibility under the applicable Rules of Evidence.  Any medical bills, documents, or other evidence which were not properly disclosed during the course of discovery pursuant to the Rules of Civil Procedure will, upon proper objection, not be allowed in evidence at trial.

D.	<u>Medical Opinions by Treating Physicians Not Timely Disclosed Through the Office Medical Records of Those Treating Physicians</u>

Defendant alternatively seeks to prohibit Plaintiff or any of her witnesses, from offering medical opinions outside of those contained in the medical records of Plaintiff's treating physicians which were produced during discovery.  Federal Rule of Civil Procedure 26 addresses disclosure requirements and states that any expert who does not have to otherwise provide a written report must disclose: "the subject matter on which the expert is expected to present evidence . . . and a summary of the facts and opinions to which the witness is expected to testify."  FED. R. CIV. P. 26 (a)(2)(C)(i) and (ii).

The record before the Court does not contain any such statements or summaries of opinions submitted by Plaintiff as to any of her named and/or treating physicians. Defendant's Motion to exclude such evidence should be granted. Plaintiff and any of her lay witnesses are prohibited from offering testimony relating to medical evidence, records, bills, or opinions that are not contained within the discovery produced in this case. Testimony by Plaintiff's treating physicians may be relevant and admissible at the trial of this matter only if such testimony, facts, and/or opinions are contained in or derived from Plaintiff's medical records produced during discovery.

E.  Medical Opinions and Records and Hearsay and Authentication

Defendant seeks generally to exclude, as hearsay, any testimony referencing any and all medical evidence that has not been produced in discovery. Defendant also seeks to exclude any and all evidence regarding medical records or documents not properly authenticated under the Rules. Federal Rule of Evidence 902 (11) requires that documents or records, generated in the course of regularly conducted activity be certified by "the custodian or another qualified person . . . ." FED. R. EVID. 902(11). Documents that have not been certified and are offered into evidence may be excluded on the grounds that they violate the hearsay rule. *See* FED. R. EVID. 803(6)(D).

The medical evidence of record does not reflect any certifications. However, the Court will reserve ruling on this portion of Defendant's Motion, in the event Plaintiff can demonstrate compliance with the authentication requirements under

the Rules. This portion of Defendant's Motion is denied without prejudice with leave to reassert during trial.

F.     Previously Stricken Expert Witness Opinions

Defendant seeks to exclude any opinions or evaluations performed by Jerry L. Pough, Floyd Pough, or any other non-designated purported experts retained by Plaintiff for the purposes of evaluating her claims for wage loss and disability, on the grounds that they were previously stricken by the Court. On January 15, 2013, the Court granted Defendant's Motion to Exclude Opinions of Plaintiff's Experts Jerry L. Pough and Floyd Pough. Order [119]. The Court determined that Plaintiff's purported expert designation of these witnesses failed to comply with the Rules inasmuch as the record lacked the requisite expert reports and/or opinions containing the appropriate disclosure or explanation of the data, methodology, or reasoning underlying this testimony. In light of the Court's previous ruling, Defendant's Motion to exclude any expert testimony by these witnesses should be granted.

G.     Offers to Pay Medical, Hospital, or Similar Expenses

Defendant moves the Court to prohibit Plaintiff or any of her witnesses from testifying, suggesting, or otherwise commenting on any offers to pay medical, hospital, or similar expenses. Federal Rule of Evidence 409 provides that "[e]vidence of furnishing, promising to pay, or offering to pay medical, hospital, or similar expenses resulting from an injury is not admissible to prove liability for the injury." FED. R. EVID. 409.

Pursuant to Rule 409, it is clear, and the Court so finds, that finds this portion of Defendant's Motion should be granted. Plaintiff and any of her witnesses may not refer to, suggest, comment, or otherwise discuss any offers made by Defendant to pay medical or other expenses related to her escalator fall.

H.     Hearsay Statements

In anticipation of Plaintiff offering medical statements made to her by her medical providers, Defendant moves the Court to prohibit Plaintiff or any of her witnesses from testifying, offering, or repeating any hearsay statements made by others, including lay witnesses and medical providers, outside of the trial. Federal Rule of Evidence 801 sets forth the relevant definitions and exceptions to hearsay statements or testimony:

>    (a)     Statement. "Statement" means a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion.
>
>    (b)     Declarant. "Declarant" means the person who made the statement.
>
>    (c)     Hearsay. "Hearsay" means a statement that:
>
>    > (1) the declarant does not make while testifying at the current trial or hearing; and
>    >
>    > (2) a party offers in evidence to prove the truth of the matter asserted in the statement.
>
>    (d)     Statements That Are Not Hearsay. A statement that meets the following conditions is not hearsay:
>
>    > (1) *A Declarant-Witness's Prior Statement.* The declarant testifies and is subject to cross-examination about a prior statement, and the statement:
>    >
>    > > (A) is inconsistent with the declarant's testimony and was given under penalty

of perjury at a trial, hearing, or other proceeding or in a deposition;

(B) is consistent with the declarant's testimony and is offered to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying; or

(C) identifies a person as someone the declarant perceived earlier.

(2) *An Opposing Party's Statement.* The statement is offered against an opposing party and:

(A) was made by the party in an individual or representative capacity;

(B) is one the party manifested that it adopted or believed to be true;

(C) was made by a person whom the party authorized to make a statement on the subject;

(D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or

(E) was made by the party's coconspirator during and in furtherance of the conspiracy.

The statement must be considered but does not by itself establish the declarant's authority under (C); the existence or scope of the relationship under (D); or the existence of the conspiracy or participation in it under (E).

FED. R. EVID. 801.

Under Rule 802 of the Federal Rules of Evidence "[h]earsay is not admissible unless any of the following provides otherwise: federal statute; these rules; or other

rules prescribed by the Supreme Court." FED. R. EVID. 802. Rule 803 describes the exceptions to the hearsay rule. FED. R. EVID. 803.

In accordance with the Rules cited above, Plaintiff and her witnesses are advised that hearsay statements are not admissible unless a relevant exception is established. The Court cannot otherwise resolve Defendant's Motion until the testimony develops at trial. The Court, at this juncture, cannot anticipate the witnesses' testimony at trial and cannot otherwise resolve this portion of Defendant's Motion. Therefore, Defendant's Motion is denied without prejudice, with leave to reassert objections to specific questions posed at trial.

I. <u>Liability Insurance of Defendant</u>

Defendant next seeks to prohibit Plaintiff or any of her witnesses from testifying as to whether BTN procured or possesses liability insurance. Federal Rule of Evidence 411 provides that:

> [e]vidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently, or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving that a witness is biased or prejudiced, or proving agency, ownership, or control.

FED. R. EVID. 411.

The Court finds that in accordance with Rule 411, this portion of Defendant's Motion is well taken should be granted. Plaintiff and any of her witnesses may not testify, comment, or refer to any liability insurance that Defendant may possess. If necessary, any and all specific exceptions to FED. R. EVID. 411 can be raised and considered by the Court during the course of trial as the evidence is presented.

J.　　Reference to Settlement Negotiations

Defendant moves the Court to exclude Plaintiff or any of her witnesses from testifying or referencing any offers of settlement or settlement negotiations during the trial. Federal Rule of Evidence 408 addresses compromise offers and negotiations and provides as follows:

> (a) Prohibited Uses. Evidence of the following is not admissible — on behalf of any party — either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>
> (1) furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim; and
>
> (2) conduct or a statement made during compromise negotiations about the claim — except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.
>
> (b) Exceptions. The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

FED. R. EVID. 408.

Based upon the pleadings, record, and testimony during the pretrial hearing, the Court finds that this portion of Defendant's Motion is well taken and should be granted. Plaintiff and her witnesses may not testify, comment, or refer to any previous offers to compromise or settle or any settlement negotiations that may have occurred in this case.

III. CONCLUSION

Based upon the foregoing, Defendant's Motion should be granted in part and denied in part without prejudice. The parties shall abide by the Court's rulings and instructions set forth herein.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that the First Motion *in Limine* [124], filed by Defendant BTN, Inc. on March 4, 2013, is **GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE** as set forth herein.

**SO ORDERED AND ADJUDGED,** this the 22nd day of March, 2013.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE